**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
301 E. Bethany Home Rd., Suite C-195
Phoenix, Arizona 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*,
Deborah Schick

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **Deborah Schick, Individually and on Behalf of those Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Primal Health L.P.**<br>    Defendants. | Case No.:<br><br>**Class Action**<br><br>**Complaint For Damages For Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227(C) Et Seq.**<br><br>Demand For Jury Trial |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. Plaintiff Deborah Schick, brings this action against Defendant Primal Health L.P. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c).

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. Defendant Primal Health General Partnership is a molecular biotechnology company that specializes in consumable dental hygiene products for humans and animals. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violation of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in the District of Arizona.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

of Defendant's named.

## TCPA

10. The TCPA states that the regulations required by paragraph (2) may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(3).

11. The TCPA further states that it is prohibited to "any person from making transmitting a telephone solicitation to the telephone number of any subscriber included in such database." 47 U.S.C. § 227(c)(3)(F).

12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

14. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff]

designates." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

15. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

16. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

17. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

18. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

19. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the

Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

20. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## JURISDICTION AND VENUE

21. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 47 U.S.C. § 227 et seq., (TCPA).

22. This action arises out of Defendants 'violations of: (1) The TCPA, 47 U.S.C. § 227 et seq.

23. This Court has personal jurisdiction over Defendants as they do business within the State of Arizona, have sufficient minimum contacts with this state, and otherwise purposefully avail themselves of the markets in the State of Arizona through the promotion, sale, and marketing of their products and services within this state, to render the exercise of jurisdiction by this Court proper.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

25. Plaintiff is natural person who resides in the city of Scottsdale, State of Arizona.

26. Defendant Primal Health L.P. is a Texas limited liability company operating from an address of 8020 Prentis Drive, McKinney, TX 75071, and is a "person" as defined by 15 U.S.C. § 1681a(b).

### FACTUAL ALLEGATIONS

27. Plaintiff is an individual residing in the County of Maricopa in the State of Arizona.

28. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of Arizona.

29. On or around May 9, 2023, Plaintiff received an unsolicited text message attempting to persuade her to use Defendant's services, which included dental hygiene products. Plaintiff replied "stop".

30. On or around May 10, 2023, Plaintiff received an unsolicited text message attempting to persuade her to use Defendant's services, which included dental hygiene products. Plaintiff replied "stop".

31. On or around May 11, 2023, Plaintiff received an unsolicited text message attempting to persuade her to use Defendant's services, which included dental hygiene products. Plaintiff replied "stop".

32. On or around May 12, 2023, Plaintiff received two unsolicited text messages, once again the texts were attempting to persuade Plaintiff to use Defendant's services. Plaintiff replied "stop" to both messages.

33. Plaintiff put her phone number on the do not call registry on April 11, 2004.

34. Plaintiff did not give Defendant permission to contact her via her cell phone number by text or call.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### NEGLIGENT AND WILLFUL VIOLATIONS OF THE §227(C)(5)

### 15 U.S.C. § 1681I

35. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

36. A person who has received more than one telephone call or text message within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.
    a. An action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
    b. An action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
    c. Both such actions.

37. Defendant – or third parties directed by Defendant sent numerous soliciting text messages to Plaintiff's cell phone.

38. These texts were sent without regard to whether or not Plaintiff was on the National Do Not Call Registry. In fact, Defendant did not have prior express consent to text Plaintiff's cell phone.

39. Defendant has, therefore, violated § 227(c)(5) of the TCPA by sending two or more unsolicited text messages to Plaintiff's cell phone without their prior express written consent.

40. Defendant knew that it did not have prior express consent to send these texts especially since Plaintiff told Defendant he was not interested in what Defendant was offering on numerous occasions. The violations were therefore willful or knowing.

41. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for

each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff is entitled to an injunction against future calls. *Id*.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

  **A.** A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. §227.

  **B.** An injunction prohibiting Defendant from using a telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the contacted party;

  **C.** An award of actual and statutory damages; and

  **D.** Such further and other relief the Court deems reasonable and just.

### TRIAL BY JURY

42. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 28, 2024                    Respectfully submitted,

                                       **KAZEROUNI LAW GROUP, APC**

                                       By: /s/Ryan L. McBride
                                       Ryan L. McBride, Esq.
                                       Attorney for Plaintiff